UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIN JEREMY RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM,<br><br>Respondent. | Case No. 1:19-cv-01388-DAD-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(Doc. No. 20) |

Before the Court is Petitioner's motion for appointment of counsel. (Doc. No. 20). Petitioner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Respondent filed an answer to the petition on April 8, 2020, and Petitioner filed a traverse on June 4, 2020. (Doc. Nos. 10, 14). Findings and Recommendations were issued by the undersigned on December 17, 2021, recommending the petition be dismissed. (Doc. No. 16). Petitioner argues that appointment of counsel is appropriate because the case is complex and difficult to understand, and he is "not good" at writing and reading. (Doc. No. 20).

There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this Court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v.*

*Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary.  Petitioner was able to file his habeas petition, his traverse, and his objections to the pending findings and recommendations without the aid of counsel, and the Court finds that the claims raised therein do not appear to be complex.  Further, the Court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. No. 20) is **DENIED.**

Dated:   January 27, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2