UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIN JEREMY RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM,<br><br>Respondent. | No. 1:19-cv-01388-DAD-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 16) |

Petitioner is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On December 17, 2021, the assigned magistrate judge issued findings and recommendations, recommending that petitioner's application for federal habeas relief be denied on the merits. (Doc. No. 16.) Those findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*) On January 14, 2022, petitioner filed objections to the pending findings and recommendations. (Doc. No. 19.) Therein, petitioner repeats his arguments that his petition should be granted because the state trial court erred when it permitted the admission of his interrogation statements for impeachment purposes despite the statements having been obtained

1

in violation of *Miranda* and that the trial court erred when it failed to *sua sponte* instruct the jury at his trial on the lesser included offense of involuntary manslaughter. (*Id.*) Petitioner's arguments in this regard were thoroughly and correctly addressed in the pending findings and recommendations, which concluded that the state court's decision to admit the challenged testimony for impeachment purposes was not contrary to clearly established federal law and that the state trial court was not required to instruct the jury on involuntary manslaughter because "there was not substantial evidence of the absence of malice." (Doc. No. 16 at 8–17.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and by proper legal analysis.

Having found that petitioner is not entitled to federal habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on December 17, 2021 (Doc. No. 16) are adopted;

2. The petition for writ of habeas corpus (Doc. No. 1) is denied on the merits;

/////

1  3. The court declines to issue a certificate of appealability; and

2  4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **May 28, 2022**                    /s/ Dale A. Drozd
                                            UNITED STATES DISTRICT JUDGE

3